**Opinion issued November 16, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00149-CR

_____

**LUIS RUIZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1631742**

---

## MEMORANDUM OPINION

Appellant Luis Ruiz pleaded guilty to the second-degree felony offense of

sexual assault of a child between fourteen and seventeen years of age. The trial court

sentenced Ruiz to nine years' imprisonment. *See* TEX. PENAL CODE

§§ 22.011(a)(2)(A), (f), 12.33(a). On appeal, Ruiz argues that his trial counsel was ineffective for failing to object to a victim-allocution statement that was read into the record before the court pronounced his sentence in violation of Code of Criminal Procedure article 42.03. We affirm.

## Background

A grand jury indicted Ruiz for sexually assaulting his stepdaughter, A.C. ("Anna"), when she was fourteen years old.[1] Ruiz pleaded guilty to the offense without an agreed punishment recommendation.

At Ruiz's sentencing hearing, the court admitted a presentence investigation ("PSI") report. The report stated that Ruiz is married to B.C. ("Brenda"), Anna's biological mother. Ruiz and Brenda have three other biological children together. Anna made an outcry to her mother that Ruiz had touched her multiple times and had engaged in sexual intercourse with her. Anna also told her mother that Ruiz had told her not to tell anyone about the sexual intercourse.

In an interview with law enforcement officers, Ruiz confessed to the allegations of sexual assault against Anna. Brenda reported that Anna was in therapy, which helped her to cope with the sexual assault. Brenda also reported that neither she nor Anna wanted Ruiz to go to prison. Instead, they wanted him sentenced to

---

[1] In this opinion, we refer to the child complainant and her mother by pseudonyms to protect their privacy.

community supervision with an order prohibiting contact with Anna. Ruiz had no prior criminal history.

The State called Brenda as a witness during the sentencing hearing. Brenda testified about her relationship with Ruiz and Anna, Anna's outcry to her about Ruiz's sexual assault, and the effect of Ruiz's sexual assault on Anna. Anna did not attend the hearing because she was in school, so the State asked Brenda to read a letter that Anna had written. The court reporter transcribed Brenda's reading of the letter, and the transcript appears in the record on appeal.[2] Defense counsel did not object to the reading of the letter in open court or to the court reporter's transcribing of the letter.

In her letter, Anna stated that when she hears Ruiz's name, she has "many mixed up feelings," that the "universe hates [her]," and that she "can't seem to see how [her] existence matters at all." Nevertheless, she stated that she did not want Ruiz to go to jail, explaining, "And don't think it's because of me. And I forgave you already. It's because I'm doing it for your children. You can grow a strong bond with them and start all over again." Her letter also included an allegation that Ruiz had spoken to her about purchasing a sexual device for her.

---

[2]    A physical copy of Anna's letter is not included in the record on appeal. Only the reporter's transcription of Anna's letter appears in the record.

During its closing statement, the State repeatedly referred to Anna's letter. For example, the State argued that "what [Ruiz] did was so disgusting and such a betrayal that [Anna] said that she does not understand why the universe hates her" and that Anna's letter only "suggest[ed] a probation because of the other children so they can start all over again." The State also argued, "And today we found out from [Anna] that Mr. Ruiz was trying to buy her a dildo." The State asked the trial court to sentence Ruiz to ten years' imprisonment.

Ruiz requested community supervision. The defense submitted a mitigation packet that contained seven letters, notes from Brenda's report to law enforcement showing that neither Brenda nor Anna wanted Ruiz to be incarcerated, and additional documentation showing that Ruiz was financially supporting his family.

The trial court ultimately sentenced Ruiz to nine years' imprisonment. In doing so, the court told Ruiz,

> You raised a one-year-old girl as your daughter and you sexually assaulted her at least two times and then you wanted to use some kind of sex toy on her. . . . I don't think probation is appropriate in this case. You took something away from someone that she can't get back. She's harmed. You destroyed her family. You destroyed your family. That's on you. It's not on me. It's not on her. However, she has that guilt.

Ruiz did not file a motion for new trial. This appeal followed.

**Ineffective Assistance of Counsel**

In his sole issue on appeal, Ruiz argues that his trial counsel provided ineffective assistance by failing to object to the reading of Anna's letter, which

4

constituted a victim-allocution statement, on the record in open court prior to sentencing in violation of Code of Criminal Procedure article 42.03.

## A. Standard of Review and Governing Law

The Sixth Amendment of the United States Constitution and the Texas Constitution guarantee a criminal defendant the right to reasonably effective assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The right to effective assistance of counsel requires objectively reasonable representation, not errorless counsel. *Lopez*, 343 S.W.3d at 142 (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)).

To establish that trial counsel provided ineffective assistance, an appellant bears the burden to demonstrate by a preponderance of the evidence that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *Lopez*, 343 S.W.3d at 142. An appellant must establish both prongs before an appellate court will find counsel's representation to be ineffective. *Lopez*, 343 S.W.3d at 142 (citing *Strickland*, 466 U.S. at 687); *see Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

To satisfy the first prong, an appellant must show that his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Lopez*, 343 S.W.3d at 142. Under the second prong, an appellant must demonstrate prejudice, or "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see Lopez*, 343 S.W.3d at 142. A reasonable probability is one sufficient to undermine confidence in the outcome. *Lopez*, 343 S.W.3d at 142.

Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see Lopez*, 343 S.W.3d at 142. Our review of trial counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689; *Robertson*, 187 S.W.3d at 483.

For an appellate court to find that counsel was ineffective, "counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation." *Lopez*, 343 S.W.3d at 142. "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Id.* at 142–43

6

(quoting *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007)). Furthermore, a claim of ineffective assistance of counsel also requires proof of prejudice. *Bone v. State*, 77 S.W.3d 828, 836–37 (Tex. Crim. App. 2002).

In most cases, the record on direct appeal is undeveloped and thus inadequate to prove a claim of ineffective assistance.[3] *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *see Lopez*, 343 S.W.3d at 143; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) ("A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal."). The Court of Criminal Appeals has repeatedly stated that trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). When trial counsel is not provided an opportunity to explain his actions, we will not find that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392).

---

[3]     Claims of ineffective assistance of counsel rejected on direct appeal "due to lack of adequate information may be reconsidered on an application for a writ of habeas corpus." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

**B.    Analysis**

Ruiz contends that his trial counsel was ineffective for failing to object to Anna's letter that was admitted prior to sentencing and that was read into the record in violation of Code of Criminal Procedure article 42.03. Ruiz argues that the letter was not sworn testimony and that Anna was not present at the hearing to provide sworn testimony and to be subject to cross-examination. Ruiz further argues that he was harmed by the admission of Anna's letter because it violated article 42.03, it was not produced in discovery, and it was not included in the PSI report or otherwise admitted as evidence at the hearing. Ruiz also argues that he was harmed because new allegations were presented regarding Ruiz's alleged purchasing of a sex device for Anna, and both the State in its closing argument and the trial court in pronouncing his sentence referenced the sex device mentioned in Anna's letter.

The State responds that Ruiz did not meet his burden to establish that trial counsel was ineffective because the record is silent concerning counsel's reasons for not objecting under article 42.03 and because valid reasons exist for counsel's not objecting to the letter. The State further argues that the trial court was aware Ruiz had sexually assaulted Anna multiple times, and that "it is unlikely that [the court's] opinion on [Ruiz's] sentence was changed" by learning the additional details described in Anna's letter.

8

Article 42.03 permits a victim, close relative of a deceased victim, or a victim's guardian "to appear in person to present to the court and to the defendant a statement of the person's views about the offense, the defendant, and the effect of the offense on the victim." TEX. CODE CRIM. PROC. art. 42.03(b). "The court reporter may not transcribe the statement," and the statement must be made "(1) after punishment has been assessed and the court has determined whether or not to grant community supervision in the case; (2) after the court has announced the terms and conditions of the sentence; and (3) after sentence is pronounced." *Id.*

Assuming without deciding that counsel's failure to object to the reading of Anna's victim-allocution letter fell below an objective standard of reasonableness under the prevailing norms, we cannot conclude on this record that such a deficient performance prejudiced Ruiz's defense. *Lopez*, 343 S.W.3d at 142 (stating that appellant must establish both prongs to prove counsel's representation was ineffective); *see also Williams*, 301 S.W.3d at 687 (stating that failure to satisfy one prong negates court's need to consider other prong). Ruiz has not shown a reasonable probability that the result of the proceeding would have been different if the new allegations in Anna's letter had not been presented at trial. *See Strickland*, 466 U.S. at 694; *Lopez*, 343 S.W.3d at 142.

Ruiz confessed and pleaded guilty to sexually assaulting Anna, his stepdaughter, multiple times. While Anna's letter mentioned the sex device for the

9

first time, we agree with the State that the trial court was already aware that Ruiz had sexually abused Anna multiple times and, therefore, that it is unlikely the new allegation swayed the trial court's sentencing of Ruiz. The court sentenced Ruiz to nine years' imprisonment. That term is shorter than the State's request for a ten-year sentence, and it falls within the sentencing guidelines of two to twenty years' imprisonment for the second-degree felony offense of sexual assault of a child with which Ruiz was charged and convicted. *See* TEX. PENAL CODE §§ 22.011(a)(2)(A), (f), 12.33(a); *Genovesi v. State*, No. 04-09-00508-CR, 2010 WL 2772482, at *3 (Tex. App.—San Antonio July 14, 2010, pet. ref'd) (mem. op., not designated for publication) (finding that counsel's deficient performance did not prejudice defense in part because punishment assessed was within punishment range for offense).

While the sentence is harsher than the community supervision Ruiz had requested, the offense was a serious one. Nothing in the record on appeal indicates that Ruiz would have received a lesser punishment had Brenda not read Anna's letter into the record, and therefore our confidence in the outcome of the proceeding is not undermined. *See Bone*, 77 S.W.3d at 836–37. We therefore hold that, on the record before us, Ruiz has not established that his trial counsel's performance prejudiced his defense. *See Strickland*, 466 U.S. at 687; *Lopez*, 343 S.W.3d at 142.

Accordingly, we overrule Ruiz's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

April L. Farris
Justice

Panel consists of Justices Kelly, Guerra, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).